1
2
3
4
5
6
7

**United States District Court**
For the Northern District of California

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

RONALD METCALFE,                    )    Case No.: 5:12-CV-1445-LHK
                                     )
12              Plaintiff,           )
                                     )    ORDER DECLINING TO DISMISS
13       v.                          )    PLAINTIFF'S CASE AND
                                     )    VACATING ORDER TO SHOW
14  CALIFORNIA DEPARTMENT OF         )    CAUSE HEARING; ORDER
    CORRECTIONS & REHABILITATION;    )    SETTING CASE MANAGEMENT
15  SALINAS VALLEY STATE PRISON ("SVSP")) CONFERENCE
    WARDEN A. HEDGPETH; FORMER SVSP   )
16  WARDEN M. EVANS; FORMER SVSP CHIEF)
    DEPUTY WARDEN G. NEOTTI; FORMER   )
17  SVSP CHIEF DEPUTY WARDEN G. LEWIS;)
    CORRECTIONAL TRAINING FACILITY    )
18  ("CTF") WARDEN R. GROUNDS; FORMER )
    CTF WARDEN(A) C. NOLL; and DOES 1 )
19  THROUGH 50 INCLUSIVE,            )
                                     )
20              Defendants.          )
                                     )
    _____ )

21  **I.      Background**

22          On July 27, 2012, this Court issued an Order to Show Cause ("OSC") why Plaintiff Ronald

23  Metcalfe's ("Plaintiff") Complaint should not be dismissed because of Plaintiff's failure to comply

24  with Federal Rule of Civil Procedure 4(m).  ECF No. 9.  Generally, Rule 4(m) requires dismissal of

25  a defendant where the plaintiff has failed to serve the defendant within 120 days, unless there is a

26  showing of good cause for the delay or unless the Court finds that it should exercise its discretion

27

28

to enlarge plaintiff's time to effect service.  When the Court issued its OSC, 127 days had passed since Plaintiff filed his Complaint, and no Defendants had been served.  ECF No. 9.

On August 15 and 16, 2012, two weeks after the Court's OSC, Plaintiff filed proofs of service for all Defendants except G. Lewis and M. Evans.  *See* ECF No. 10-13, 15.  Subsequently, on August 22, 2012, Defendant Lewis filed an Answer to the Complaint, suggesting he received actual notice of the Complaint notwithstanding Plaintiff's failure to file a proof of service.  *See* ECF No. 14.

On August 29, 2012, Plaintiff filed a response to the OSC stating that "[t]he reason for the delay in serving… [D]efendants was that [P]laintiff had been waiting for the case closure and a Right to Sue Letter from the complaint he filed with the Department of Fair Employment and Housing and to amend his [C]omplaint to reflect the EEOC Case Closure."  ECF No. 16.  Plaintiff states that he received notice of the EEOC case closure and a Right to Sue Letter on August 15, 2012 (within one day of Plaintiff's filing of proofs of service on all Defendants except Defendants Lewis and Evans).  *Id.*  Plaintiff further stated that he was "exercising due diligence in order to serve" Defendant Evans.  *Id.*  Plaintiff filed a notice of voluntary dismissal as to Defendant Evans on October 17, 2012.  ECF No. 19.

## II.    Analysis

The time for serving the summons and complaint is set forth in Federal Rule of Civil Procedure 4(m).  Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.,* 587 F.3d 1188, 1198 (9th Cir.2009) (citing *In re Sheehan,* 253 F.3d 507, 512, 514 (9th Cir. 2001)).

2

United States District Court
For the Northern District of California

At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In addition to excusable neglect, the Ninth Circuit has held that a plaintiff seeking to establish good cause may be required to show three factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*; *In re Sheehan,* 253 F.3d at 512.

Here, several of the good cause factors identified in *Boudette* are absent. Specifically, Plaintiff has not presented any evidence that all Defendants had actual notice of the lawsuit by July 20, 2012. Plaintiff also has not presented facts showing he would be severely prejudiced if his complaint were dismissed. The Court therefore concludes that Plaintiff has not demonstrated good cause such that an extension of time is mandatory under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512 (finding no good cause where plaintiff failed to show *Boudette* factors were satisfied).

Absent good cause, district courts have broad, though not unlimited, discretion to extend time for service. *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir.2007). The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m). *In re Sheehan,* 253 F.3d at 513. However, the Ninth Circuit has held that excusable neglect may provide grounds pursuant to which a court may exercise its discretion to extend a plaintiff's time to effect service. *See Lemoge,* 587 F.3d at 1198 ("[T]he district court may extend time for service upon a showing of excusable neglect."). "In making extension decisions under Rule 4(m) a district court may [also] consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir.2007) (quoting *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir.1998)). Furthermore, Courts may consider whether the plaintiff has substantially complied with the service requirements. *Tyson v. City of Sunnyvale,* 159 F.R.D. 528, 530 (N.D.Cal.1995).

Here the Court concludes that it should exercise its discretion to extend the time for service of the Complaint because Plaintiff's failure to serve Defendants earlier was due to excusable neglect. In determining whether neglect is excusable, a court should examine "at least four factors:

Case No.: 12-CV-1445
ORDER DECLINING TO DISMISS PLAINTIFF'S CASE AND VACATING ORDER TO SHOW CAUSE
HEARING; ORDER SETTING CASE MANAGEMENT CONFERENCE

(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge*, 587 F.3d at 1192 (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)).

Here, Plaintiff was required to serve all Defendants by July 20, 2012. Plaintiff states that he failed to serve the Complaint by this date because he was waiting for his EEOC case to be closed and to receive a Right to Sue Letter. ECF No. 16. Plaintiff received this notice on August 15, 2012. *Id.* Within one day of receiving the notice, Plaintiff served all Defendants except Defendants Lewis and Evans. ECF No. 10-13, 15. Thus, all Defendants, except Defendant Evans and Lewis, were served within 26 days of the service deadline.

Furthermore, while no proof was served with respect to Defendant Lewis, he does appear to have received actual notice of the Complaint as he filed an answer, along with several other Defendants, on August 22, 2012, only 33 days of the service deadline. The only Defendant who has neither been served nor filed an answer is Defendant Evans, and he has been dismissed. ECF No. 19.

In light of these facts, the Court concludes that all four excusable neglect factors are satisfied. The delay in serving Defendants Department of Corrects & Rehabilitation, Salinas Valley State Prison, G. Neotti, R. Groungs, and C. Noll was only 26 days. Similarly, Defendant Lewis, while not formally served, had notice of the Complaint within 33 days of the service deadline. The meager delay in this case is unlikely to have prejudiced Defendants. Plaintiffs stated reason for the delay (*i.e.* the fact that he had not received a Right to Sue Letter) is understandable. Furthermore, given Plaintiff's diligence in serving Defendants after he received the Right to Sue Letter, the Court concludes that Plaintiff acted in good faith. Accordingly, the Court concludes that Plaintiff's failure to effect service earlier is excusable.

The Court therefore ORDERS *nunc pro tunc* that the deadline to serve Defendants Department of Corrects & Rehabilitation, Salinas Valley State Prison, G. Neotti, R. Groungs, and C. Noll be enlarged to August 23, 2012. The Court also ORDERS that the deadline to serve

Case No.:  12-CV-1445
ORDER DECLINING TO DISMISS PLAINTIFF'S CASE AND VACATING ORDER TO SHOW CAUSE
HEARING; ORDER SETTING CASE MANAGEMENT CONFERENCE

Defendant Lewis shall be enlarged to October 25, 2012. Plaintiff shall file either a proof of service or a waiver of service as to Defendant Lewis by this date.

Plaintiff is also hereby ORDERED to file an amended complaint reflecting the EEOC case closure by October 25, 2012. The OSC hearing scheduled for October 24, 2012 is VACATED. A case management conference shall be held on October 31, 2012 at 2:00 p.m. The parties' joint case management statement is due October 25, 2012.

**IT IS SO ORDERED.**


Dated: October 22, 2012

LUCY H. KOH
United States District Judge

Case No.: 12-CV-1445
ORDER DECLINING TO DISMISS PLAINTIFF'S CASE AND VACATING ORDER TO SHOW CAUSE
HEARING; ORDER SETTING CASE MANAGEMENT CONFERENCE